IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–02893–MSK–KMT

MITSUYE C. TADEHARA,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    Plaintiff has sued Defendant for breach of insurance contract and common law bad faith arising out of a car accident in which Plaintiff was involved. Plaintiff seeks leave to amend her complaint to add a statutory bad faith claim pursuant to Colo. Rev. Stat. §§ 10-3-1115 and -1116. The matter is before me on Plaintiff's motion to amend (Doc. No. 24 [hereinafter "Mot. Amend"]), Defendant's response (Doc. No. 30) and Plaintiff's reply (Doc. No. 31 [hereinafter "Reply Mot. Amend"]). For the following reasons, the court recommends that the motion be denied.

**PROCEDURAL BACKGROUND**

    Plaintiff filed suit in state court on November 4, 2009 and Defendant removed on diversity grounds. (*See* Doc. No. 1 and Doc. No. 1, Ex. A.) On March 3, 2010, the court entered a

Scheduling Order setting April 16, 2010 as the deadline to amend pleadings. (Doc. No. 18 at 9.) Plaintiff filed her motion for leave to amend on June 2, 2010. (Mot. Amend.)

**LEGAL STANDARD**

Because Plaintiff filed her motion after the deadline for amending the pleadings, the court employs a two-step analysis, first determining whether Plaintiff has shown good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b), then evaluating whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a). This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, she must also satisfy the requirements of Rule 15(a) for amending the pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman*

2

*v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## DISCUSSION

Although Plaintiff does not address Rule 16(b) and its good cause requirement in her motion to amend, she does discuss it in replying to Defendant's response brief, which argues that the motion is procedurally deficient for failure to address Rule 16. In reply, Plaintiff explains that her counsel overlooked the statutory bad faith claim until a review of *Downs v. State Farm Mutual Automobile Insurance Co.*, No. 07CA1831, 2010 WL 2002504 (Colo. App. May 20, 2010) triggered an inquiry that uncovered the statutory provisions. (Reply Mot. Amend at 2.) Plaintiff argues that "a failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect." (*Id.* (citing *Ryskin v. Banner Health, Inc.*, No. 09-cv-01864-MEH-KMT, 2010 WL 1568575 (D. Colo Apr. 16, 2010)).)

Plaintiff's explanation is unpersuasive. She has emphasized that the new claim involves the same facts and circumstances underlying her common law claim for bad faith breach of contract; only the burden of proof changes under the statute. (Mot. Amend at ¶ 5.) Thus, Plaintiff does not assert a newly discovered factual basis as good cause and relies entirely on the fact that her attorney

3

originally overlooked the statutory claim. However, her explanation of this oversight is inconsistent. In her reply, Plaintiff maintains that a review of *Downs* triggered an inquiry that led to the statute, suggesting that counsel was not aware of its existence. (*See* Reply Mot. Amend at 2.) However, previously Plaintiff had represented in her motion that, until reviewing the opinion in *Downs*, her counsel was unaware that the statutory claim could be brought when the underlying acts had occurred prior to the enactment of the statute. (Mot. Amend at ¶ 6.) This implies that counsel was aware of the statute, but not its retroactive application.

Several points regarding *Downs* must be noted. It does not deal with Colo. Rev. Stat. §§ 10-3-1115 and -1116. The case involved bad faith tort and common law breach of contract claims. Counsel was clearly aware of these claims before *Downs*, as he included a count for common law breach of contract in the original complaint, filed before *Downs* was issued on May 20, 2010. It is unclear how a review of the opinion led him to the statutory beach of contract claim. Similarly, although *Downs* does discuss the accrual date of bad faith tort and breach of contract claims, for purposes of prejudgment interest, it is again unclear how this discussion would trigger an inquiry into Colo. Rev. Stat. §§ 10-3-1115 and -1116 or their retroactive application.

In short, Plaintiff's inconsistent and incomplete explanation as to how counsel overlooked the statutory bad faith claim is unpersuasive. Because Plaintiff has utterly failed to satisfy Rule 16(b)'s good cause requirement for amending the scheduling order, the court will not consider whether she has satisfied Rule 15(a)'s standard for amending the pleadings.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that Plaintiff's motion to amend the complaint (Doc. No. 24) be denied.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyoming Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this _21_ day of _July_, 2010.

BY THE COURT:

/s/ Kathleen M. Tafoya

Kathleen M. Tafoya
United States Magistrate Judge